W. D. BERRY, Respondent, v. B. W. HENSLEE et al., ADM'RS OF G. P. SHACKELFORD, DEC'D, Appellants.

*Administration — Demand — Set-off — Appeal.* — Upon the trial of a demand against an estate appealed from the Probate or County Court, the cause is to be tried anew upon the record as sent to the Circuit Court. If the administrator fail to set up and file a set-off in the Probate Court, he cannot set it up at the trial in the Circuit Court.

*Appeal from Greene Circuit Court.*

*T. A. Sherwood,* for appellants.

The only issue between respondent and appellants was whether the estate of Shackelford was indebted to respondent. All claims against the estates of decedents are based upon the fact that the claimant has given credit to the estate for all payments and offsets to which it is entitled—R. C. 1855, § 13, p. 154. Any evidence, then, tending to show that the estate of Shackelford was not indebted to respondent in the amount which he claimed, after allowing all just credits, &c., was perfectly competent, and should have been admitted.

Our statute provides (R. C. 1855, p. 175, § 7) that on appeals being taken from probate courts to the Circuit Court, that the trial shall be *de novo.* It is true, that no matter of mere set-off can be offered in an appellate court which was

not offered in the court below; but that rule does not confine a defendant to the same defence on appeal as that at first made. Anything may be offered in the appellate court which tends either to defeat the plaintiff's action, or to diminish the amount sought to be recovered, although not previously offered—Hall v. Mills, 11 Mo. 215.

*Jno. S. Phelps,* for respondent.

I. The set-off and evidence in relation thereto could not be received. No set-off was filed in the Probate Court, none was filed in the Circuit Court. A set-off is a cross-action; and as defendants had not claimed that Berry was indebted to the estate, the court properly refused to hear the testimony—R. C. 1855, pp. 153, 89, 175, § 7.

II. The evidence in relation to the set-off, if received, would have operated as a surprise to Berry.

WAGNER, Judge, delivered the opinion of the court.

Respondent presented his claim for allowance in the Probate Court of Greene county against the estate of G. P. Shackelford, deceased, for work and labor done and materials furnished, amounting to the sum of $311.50. Judgment was rendered by the court in his favor for that amount, and the administrator appealed to the Circuit Court. On the trial in the Circuit Court, the respondent again proved up his account; and after he had closed his testimony, the administrator, without any notice to the opposite party or filing the same in court, offered for the first time as a defence to the respondent's account, and in diminution of his claim, a note made by respondent to decedent, and also a deed of trust executed by respondent to the same, with an offer to prove that the note on which it was founded was lost or mislaid. This evidence the court excluded, and then affirmed the judgment of the Probate Court. The administrator appealed from the decision of the court below; and now contends, that, as on appeal from the Probate to the Circuit Court the trial in the latter must be *de novo*, the evidence

was legitimate and competent, and should have been admitted.

In appeals from justices of the peace, the statute prohibits a party from using a set-off in the Circuit Court which was not relied on before the justice; though, as the trial is anew, any other defence may be made which was not relied on before. But in regard to appeals under the administration law touching matters of probate, we have not been able to find any express provision bearing on the subject, nor have we been referred to any. By § 9, ch. 2, art. 4, R. C. 1855, jurisdiction is given to the County Court to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate, and of all offsets and other defences allowed by law set up thereto by the administrator or executor. This section confers on the County or Probate Court full and unquestionable authority and jurisdiction to adjudicate on matters of set-off between the parties litigant, to adjust the amount due after deducting what the claimant properly owes the estate, and allow the balance. Sec. 7, art. 8, of the same law provides for the manner of proceeding on appeals from the County Court, and declares that "upon the filing of such transcript and papers in the office of the clerk of the Circuit Court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the County Court." The court proceeds to try the cause anew, but it tries it on the same record received from the County Court. Mere matters of defence which tend to prove payment, or go to diminish the amount which the plaintiff ought to recover, may be admitted in evidence, whether the same were offered or introduced, in the previous trial, in the inferior court or not. But the record cannot be amended so as to include defences which are inadmissible without being pleaded. A set-off cannot be given in evidence in a court of record without being set up in the answer; and in courts where proceedings are conducted in a

summary way, without the formalities of pleading the set-off should be filed with the court. We see no other just or reasonable construction to be given to the law. It will not do to allow a party to use a note to diminish an adverse claim, and then retain it, with the privilege of harassing his adversary with another action on it, when there is no record to show that it was ever settled in judgment. The law has made no such provision; and as it has not said so, we will not impute to it such a meaning. The argument that the notes were offered not in the nature of a set-off, but merely as a defence to reduce the claimant's demand, is shere sophistry and wholly inadmissible. They constitute in themselves independent causes of action. They were capable of being made cross-demands and suit could be instituted upon them by the administrator, and in order to have rendered them available in defence they should have been filed.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.